Ttnansr, J.,
delivered the opinion of the court:
Sec. 4983 of the Code provides: “All prosecutions for misdemeanors, unless otherwise expressly provided, shall be commenced within twelve months next after the offense has been committed.”
The next section restricts the time within which to commence a prosecution for unlawful gaming to six months.
By sec. 4987, “a prosecution is commenced, within the meaning of this chapter, by the issuance of a warrant, or by binding over the offender.”
By sec. 4988, “no period, during which the party charged was nor usually and publicly resident within the state, is included in the time of limitation.”
The section first quoted establishes the general rule, and all cases covered by its terms are presumed to be governed by it, and fall within its operation.
The state must, by its indictment or presentment, present its whole case in such terms as to give the accused notice of what he is to defend.
If, for any of the causes mentioned in the statute, the state claims the prosecution may be commenced more than *611 twelve months after the commission of the offense, the facts making such cause must he averred.
The accused has the right to contest the truth of the alleged cause, and is entitled to have the facts averred that he may make the issue.
The indictment in this case is in the usual form, and there is nothing from which it may he inferred that under the statute the prosecution might have been commenced more than twelve months after the commission of the offense.
The indictment was properly quashed.
Judges McFarland and Freeman dissent.